# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:13-cv-405-FDW

| | | |
|---|---|---|
| JAMARA DWAYNE JOHNSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| CHARLOTTE-MECKLENBURG | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| **Defendants.** | ) | |
| ―――――――――――――――――――――― | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e), (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

## I.      BACKGROUND

Pro se Plaintiff is a federal inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia.  On April 24, 2012, in the District of South Carolina, Plaintiff pled guilty without a written plea agreement to possession, with the intent to defraud, of fifteen or more counterfeit or unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3). (Criminal Case No. 9-11-cr-2288-SB-2 (D.S.C.), Doc. No. 71: Guilty Plea).  After entering his guilty plea, Plaintiff was released on bond and, as the Court discusses below, he was subsequently arrested in this district on state charges for financial card fraud.  On February 25, 2013, the District of South Carolina revoked Plaintiff's bond and subsequently sentenced Plaintiff to 48 months of imprisonment.  (Id., Doc. No. 122: Order Revoking and Estreating Appearance Bond; Doc. No. 123: Judgment).  Plaintiff appealed pursuant to <u>Anders v.</u>

<u>California</u>, 386 U.S. 738 (1967), and the Court of Appeals for the Fourth Circuit subsequently affirmed the conviction and sentence. <u>See</u> (<u>Id.</u>, Doc. No. 140).

In this action filed on July 12, 2013, Plaintiff has sued Wells Fargo Bank, N.A. ("Wells Fargo"), and the "Charlotte-Mecklenburg Police Department." Plaintiff alleges that on June 14, 2012, officers from the Charlotte-Mecklenburg Police Department arrested Plaintiff and charged him with financial card forgery.[1] (Doc. No. 1 at 6). Plaintiff alleges that on June 18, 2012, he went to a Wells Fargo banking center in Charlotte, North Carolina, and attempted to withdraw funds from his personal account. (<u>Id.</u>). Wells Fargo would not allow Plaintiff to withdraw the funds and advised Plaintiff that he needed to call Wells Fargo Crime Unit Officer Steve Brown before he could access the funds in his account. (<u>Id.</u> at 7). Plaintiff contacted Steve Brown, who told Plaintiff that he needed to wait until Defendant Charlotte-Mecklenburg Police Department contacted Wells Fargo before Plaintiff would be allowed to access his account. (<u>Id.</u>).

Plaintiff alleges that in July 2012, Wells Fargo instructed Plaintiff to go a particular Wells Fargo branch to access his funds. (<u>Id.</u> at 8). When Plaintiff arrived at the bank branch, U.S. Secret Service agents arrested Plaintiff and took him into custody for violating the terms of his pretrial release by leaving the State of Florida, where he apparently had federal criminal charges pending. (<u>Id.</u>). Plaintiff alleges that Wells Fargo maintained a freeze on Plaintiff's bank account, and continued to deny Plaintiff access to his account. (<u>Id.</u>). Plaintiff alleges that Defendant Wells Fargo disclosed Plaintiff's financial information to both Defendant Charlotte-Mecklenburg Police Department and the U.S. Secret Service, and that Defendant Wells Fargo

---

[1] This Court takes judicial notice that Plaintiff has asserted in a motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255 in the District of South Carolina that the state charges against him were subsequently dismissed. <u>See</u> (Criminal Case No. 9:11-cr-2288-SB-2, Doc. No. 142 at 6 (D.S.C. filed Oct. 29, 2013)).

disclosed the information to Defendant Charlotte-Mecklenburg Police Department without first receiving a search warrant and/or subpoena from the police department, and without receiving authorization by Plaintiff to disclose his information. (Id. at 10). Based on the foregoing allegations, Plaintiff purports to bring claims against Defendants for "fraud, breach of fiduciary duty, invasion of privacy, deprivation of due process, illegal search and seizure, and conspiracy to commit the foregoing torts, pursuant to Title 42, United States Code, Sections 1981-1985, and violations of the Financial Privacy Act, as defined in Title 12, United States Code, Sections 3401-3422." (Id. at 1).

## II.    STANDARD OF REVIEW

The Court first notes that, as to Plaintiff's application to proceed in forma pauperis, Plaintiff's inmate trust account statement shows that as of November 12, 2013, Plaintiff had $197.47 in his inmate trust account. (Doc. No. 6). As Plaintiff does not have sufficient funds to pay the filing fee, Plaintiff's application to proceed in forma pauperis is granted.

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.    DISCUSSION

### A.  Charlotte-Mecklenburg Police Department

First, as to Defendant Charlotte-Mecklenburg Police Department, the police department is not a distinct legal entity capable of being sued. See Moore v. City of Asheville, N.C., 290 F.

Supp. 2d 664, 673 (W.D.N.C. Nov. 13, 2003) ("[U]nder North Carolina law, the [Asheville Police Department] ... lacks the capacity to be sued."), aff'd, 396 F.3d 385 (4th Cir. 2005). Therefore, Plaintiff's claim against the Charlotte-Mecklenburg Police Department is dismissed.

**B. Wells Fargo**

Next, as to Plaintiff's claims against Wells Fargo, Plaintiff alleges that the officers from the Charlotte-Mecklenburg Police Department did not apply to a court of law for the issuance of a search warrant and/or subpoena seeking to search, seize, and/or obtain information from Plaintiff's bank account before Defendant Wells Fargo disclosed the information to Charlotte-Mecklenburg Police Department officers. (Doc. No. 1 at 10). The Court will address each claim in turn.

**1. Plaintiff's Claim under the Federal Right to Financial Privacy Act**

The federal Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq., restricts the federal government's ability to access a person's financial records. See Ismail v. Old Kent Bank & Trust Co., 893 F.2d 1334 (6th Cir. 1990) (unpublished). A financial institution is subject to liability under the Right to Financial Privacy Act for prohibited disclosures to a "government authority" as defined by the Act. 12 U.S.C. § 3403(a). A "government authority" includes any agent of a department of the United States. 12 U.S.C. § 3401(3). "Under the (Right to Financial Privacy Act), a government authority may not obtain a bank customer's financial records unless the records are reasonably described and 1) the customer has authorized the disclosure; 2) the disclosure is in response to an administrative summons; 3) the disclosure is in response to a search warrant; 4) the disclosure is in response to a judicial subpoena or 5) the disclosure is in response to a formal written request." Ismail, 893 F.2d 1334 (citing 12 U.S.C. § 3402).

Furthermore, § 3403(c) of the Act provides:

> Nothing in this chapter shall preclude any financial institution, or any officer, employee, or agent of a financial institution, from notifying a Government authority that such institution, or officer, employee, or agent has information, which may be relevant to a possible violation of any statute or regulation. Such information may include only the name or other identifying information concerning any individual, corporation, or account involved in and the nature of any suspected illegal activity. Such information may be disclosed notwithstanding any constitution, law, or regulation of any State or political subdivision thereof to the contrary. Any financial institution, or officer, employee, or agent thereof, making a disclosure of information pursuant to this subsection, shall not be liable to the customer under any law or regulation of the United States or any constitution, law, or regulation of any State or political subdivision thereof, for such disclosure or for any failure to notify the customer of such disclosure.

12 U.S.C. § 3402(c). The Right to Financial Privacy Act does not apply to disclosures made to state and local governments; thus, the Act does not apply to any disclosures made to the Charlotte-Mecklenburg Police Department.[2] Accord Barroga-Hayes v. Susan D. Settenbrino, P.C., No. 10cv5298, 2012 WL 1118194 (E.D.N.Y. Mar. 30, 2012) (citing cases); Dove v. North Carolina State Emps. Credit Union, No. 4:02cv25-H(4), 2002 WL 32514312 (E.D.N.C. May 15, 2002); United States v. Zimmerman, 957 F. Supp. 94 (N.D. W. Va. 1997). In sum, Plaintiff does not state a claim against Wells Fargo under the federal Right to Financial Privacy Act.

**2. Plaintiff's State Law Claims**

Next, as to Plaintiff's state law claims for fraud, invasion of privacy, and breach of fiduciary duty, the Court notes that North Carolina has a financial privacy act that mirrors the federal Right to Financial Privacy Act. See N.C. GEN. STAT. 53B-1 to 53B-10 (1995). Section 53B-8 of North Carolina's Financial Privacy Act provides:

---

[2] Plaintiff also alleges in the Complaint that Wells Fargo "has previously disclosed information about Plaintiff's personal bank account to officers of the United States Secret Service." (Doc. No. 1 at 9). Plaintiff does not, however, name the U.S. Secret Service as a Defendant, nor does Plaintiff allege that the U.S. Secret Service failed to submit a search warrant or subpoena to Wells Fargo before receiving Plaintiff's financial information.

No financial institution or its officer, employee, or agent may disclose a customer's financial record to a government authority except as provided in this Chapter. This section does not prohibit a financial institution from giving notice of or disclosing a financial record to a government authority, as defined in G.S. 53B-2(4), to the same extent as is authorized with respect to federal government authorities in the Right to Financial Privacy Act § 1103(d), 12 U.S.C. § 3403(d). Nothing in this section shall prohibit a financial institution or its officer, employee or agent from disclosing, or require the disclosure of, the name, address, and existence of an account of any customer to a government authority that makes a written request stating the reason for the request. Nothing in this Chapter shall prohibit a financial institution or its officer, employee, or agent from notifying a government authority that the financial institution or its officer, employee, or agent has information that may be relevant to a possible violation of law or regulation. The information shall be limited to a description of the suspected illegal activity and the name or other identifying information concerning any individual, corporation, or account involved in the activity. <u>Any financial institution or its officer, employee, or agent making a disclosure of information pursuant to this section shall not be liable to the customer under the laws and rules of the State of North Carolina or any political subdivision of the State for disclosure or for failure to notify the customer of the disclosure</u>.

N.C. GEN. STAT. § 53B-8 (emphasis added). Under § 53B-8, the North Carolina Financial Privacy Act expressly preempts all state law claims arising out of a financial institution's disclosure of financial information. Thus, Plaintiff is barred from bringing any state law claims against Defendant Wells Fargo based on Wells Fargo's disclosure of Plaintiff's financial information to officers with the Charlotte-Mecklenburg Police Department because Plaintiff's only form of relief would be that provided under the Act.

### 3. Plaintiff's Remaining Claims Arising under Federal Law

### a. Plaintiff's Claims for Deprivation of Due Process and Illegal Search and Seizure

Next, to the extent that Plaintiff purports to bring claims against Defendant Wells Fargo for violation of his Fourteenth Amendment due process rights and his Fourth Amendment right against illegal searches and seizures, Defendant Wells Fargo is not a government actor and is not

alleged to have been acting as a government agent in disclosing Plaintiff's financial information. See United States v. Day, 591 F.3d 679, 683 (4th Cir. 2010). Thus, Defendant Wells Fargo cannot be liable as to either of these claims.

**b.    Plaintiff's Claims for Conspiracy to Commit Violations of 42 U.S.C. §§ 1981-1985**

Next, as for Plaintiff's purported claims under the so-called "civil rights statutes," Sections 1981 to 1985 of Title 42 of the United States Code, Plaintiff fails to state a claim against Defendant Wells Fargo under any of these statutes. First, as to §§ 1981, 1982 and 1985, Plaintiff does not allege that Defendant Wells Fargo disclosed Plaintiff's financial information because of his race. Thus, he fails to state a claim under §§ 1981, 1982, or 1985. Next, because a valid claim under § 1985 is a prerequisite to a § 1986 claim, Plaintiff does not have a valid § 1986 claim. See Bryan v. City of Madison, Miss., 213 F.3d 267, 276 (5th Cir. 2000). As to § 1983, Defendant Wells Fargo is not a state actor and may not be sued under this section. In any event, § 1983 does not confer any substantive rights. Section 1983 is merely a vehicle for enforcing other rights arising under federal law. Albright v. Oliver, 510 U.S. 266 (1994). In sum, Plaintiff fails to state a claim against Defendant Wells Fargo under 42 U.S.C. §§ 1981-1986.

**IV.    CONCLUSION**

For the reasons stated herein, the Court dismisses this action for failure to state a claim.

**IT IS, THEREFORE, ORDERED that:**

1.   Plaintiff's Complaint, (Doc. No. 1), is **DISMISSSED** for failure to state a claim.

2. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs,

   (Doc. No. 2), is **GRANTED.**

Signed: November 21,

Frank D. Whitney
Chief United States District Judge